UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ECKARD,<br><br>               Plaintiff,<br><br>   v.<br><br>PATRICIA THOMAS, et. al.,<br><br>               Defendant. | CASE NO. C19-104-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Gabriel Eckard, a pre-trial detainee currently incarcerated at Snohomish County Jail, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Dkt. 1-1. Mr. Eckard alleges defendant Patricia Thomas violated his rights under the Fourth and Fourteenth Amendment by releasing oleoresin capsicum vapor into his cell, placing him in a restraint chair, and placing him in the observation unit overnight after he pressed the emergency call button in his cell. Dkt. 1-1, at 2-7. He further alleges defendant Clinton Moll violated his Fourth and Fourteenth Amendment rights by ordering that be placed in the restraint chair and in the close observation unit overnight. *Id.* Mr. Eckard further alleges defendant Clinton Moll's and defendant Jamie Kane's responses to his grievance, in finding jail staff's response to the incident reasonable, violated his Fourth and Fourteenth Amendment rights. *Id.*

      The complaint seeks relief against governmental employees and the Court therefore screens it under 28 U.S.C. § 1915A(a). After review of the complaint, the Court recommends that Mr. Eckard's claims against defendants Kane and Moll with respect to the grievance process

REPORT AND RECOMMENDATION - 1

be dismissed for failure to state a claim upon which relief may be granted. The Court recommends that defendant Kane be dismissed from the action entirely. The Court recommends that Mr. Eckard's due process claims against defendants Thomas and Moll related to his placement in the close observation unit be dismissed for failure to state a claim upon which relief may be granted. The Court further recommends that the complaint be served upon defendants Thomas and Moll and that they be required to respond only to Mr. Eckard's excessive force claim relating to the release of oleoresin capsicum vapor and use of a restraint chair.

## BACKGROUND

Mr. Eckard's complaint alleges that on December 3, 2018, while housed in the disciplinary segregation unit, he pressed the emergency call button. Dkt. 1-1, at 2. Upon activation of the emergency call button defendant Thomas and a team of deputies approached Mr. Eckard's cell "with the intention of removing him from his room and confining his person to a restraint chair." *Id.*, at 2-3. Mr. Eckard alleges that because use of the chair was "unlawful", he "refused to submit to restraints and comply with removal from his room." *Id.* Mr. Eckard alleges defendant Thomas ordered oleoresin capsicum vapor released into the room and thereafter Mr. Eckard complied with removal. *Id.*, at 5. Mr. Eckard alleges he was removed from his room and placed in a restraint chair and moved to a room in the observation unit. *Id.*, at 3-5. Mr. Eckard alleges that a few hours later he was removed from the restraint chair and defendant Thomas left him in the observation unit overnight. *Id.*, at 5. Mr. Eckard alleges defendant Moll told him he had approved the use of the restraint chair. *Id.*, at 3. Mr. Eckard alleges the next day he was assessed by the mental health counselor, determined he was not at risk for self-harm, and cleared for release from the observation unit. *Id.*

REPORT AND RECOMMENDATION - 2

1    Mr. Eckard contends defendant Thomas' behavior in ordering the release of oleoresin
2  capsicum vapor into his cell and placing him a restraint chair violated his rights under the Fourth
3  and Fourteenth Amendment. *Id.*, at 5-7. He alleges defendant Moll's behavior in approving use
4  of the restraint chair violated his rights under the Fourth and Fourteenth Amendment. *Id.* He
5  further alleges that defendant Thomas' and defendant Moll's actions in placing him in the
6  observation unit overnight without a hearing where there was no indication he was at risk of self-
7  harm violated his Fourth and Fourteenth Amendment rights. *Id.*

8    Mr. Eckard states he filed a grievance with respect to this incident and that defendant
9  Moll responded to his grievance finding the decision to restrain Mr. Eckard was "based on his
10 behavior and its effect on the orderly operation of the facility." *Id.*, at 4. Mr. Eckard states that he
11 appealed this response and received a response from defendant Kane indicating he found the
12 actions of staff to be an appropriate response to Mr. Eckard's actions. *Id.* Mr. Eckard alleges
13 these responses violated his Fourth and Fourteenth Amendment rights. *Id.*, at 5-6.

## DISCUSSION

15    Pursuant to the Prison Litigation Reform Act of 1995, a Court is required to screen
16 complaints brought by prisoners seeking relief against a governmental entity or officer or
17 employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint
18 or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail
19 to state a claim upon which relief may be granted, or that seek monetary relief from a defendant
20 who is immune from such relief. 28 U.S.C. §§ 1915A(b) (1), (2) and 1915(e)(2); *Barren v.*
21 *Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998).

22    To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct
23 complained of was committed by a person acting under color of state law and (ii) the conduct

REPORT AND RECOMMENDATION - 3

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). 42 U.S.C. § 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). At this stage of the litigation dismissal of a pro se complaint is judged under a failure to state a claim standard where plaintiff's allegations are accepted as true and the complaint is liberally construed. *See Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir. 2011); *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000).

**A. The Grievance Process**

Mr. Eckard alleges defendants Moll's and Kane's responses to his grievance violated his constitutional rights. Mr. Eckard's claims in this regard fail to state a claim as a matter of law.

There is no constitutional right to a prison grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Ramirez*, 334 F.3d at 860. If the state elects to provide a grievance mechanism, alleged violations of the procedures do not give rise to § 1983 claims. *Silva v. Gregoire*, 2007 WL 1814073 at *6 (W.D. Wash. 2007); *Hoover v. Watson*, 886 F.Supp. 410, 418 (D.Del.1995) (*aff'd,* 74 F.3d 1226); *Brown v. Dodson,* 863 F.Supp. 284, 285 (W.D.Va. 1994); *Allen v. Wood*, 970 F.Supp. 824, 832 (E.D.Wash. 1997) (The grievance process is an internal prison process for handling prison complaints and does not involve substantive rights). "Due process does not require that each level of review personally investigate the allegations made, or that reviewing officials address the grievances in a particular manner." *Arceo v. Salinas*, 2016 WL 1073257,  No. 11-cv-2396 (E.D. Cal., Mar. 18, 2016); *Smith v. Swaney*, 399 F. App'x 234 (9th Cir. 2010) (district court properly dismissed plaintiff's claim that the defendant violated his

due process rights by canceling his grievance because a prisoner enjoys no constitutional right to a prison grievance procedure).

Accordingly, Mr. Eckard's claims against defendants Moll and Kane based upon their answers to his grievance or handling of his grievance appeal, fail as a matter of law and cannot be cured through amendment. *See Arceo*, 2016 WL 1073257 (plaintiff's claims that defendants failed to process grievances or address grievances in a certain way failed to state a due process claim as a matter of law; dismissal without leave to amend appropriate as amendment would be futile); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile). Pursuant to this authority the undersigned recommends dismissal of these claims regarding the grievance process for failure to state a claim upon which relief may be granted. Because this is the only claim alleged against defendant Kane in the complaint the Court recommends he be dismissed as a defendant.

**B. Use of Oleoresin Capsicum Vapor and Restraint Chair**

Mr. Eckard alleges defendant Thomas violated his Fourth and Fourteenth Amendment rights by ordering the release of oleoresin capsicum vapor and placing him in the restraint chair absent a safety and security need. Dkt. 1-1, at 4-5. Mr. Eckard alleges defendant Moll also violated his Fourth and Fourteenth Amendment rights by approving the use of the restraint chair. *Id.*

Because Mr. Eckard is a pretrial detainee, his claims for excessive force are governed by the Fourteenth Amendment, which protects pretrial detainees from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). A pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable to prevail on an excessive force claim. *Kingsley v. Hendrickson,* 135 S.Ct. 2466,

REPORT AND RECOMMENDATION - 5

2471-76 (2015). Among the factors considered to determine whether force is excessive are: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made to temper the amount of force; (4) the severity of the security problem at issue; (4) the threat reasonably perceived by the officer, and (5) whether the plaintiff was actively resisting. *Kingsley*, 135 S.Ct. 2466, 2473.

Arguably, Mr. Eckard has stated enough facts to warrant a response with respect to his claim that the use of oleoresin capsicum vapor and the restraint chair under the circumstances constituted excessive force. As such, the Court recommends that the complaint be served and defendants Thomas and Moll directed to respond to these claims.

**C. Placement in the Observation Unit**

Mr. Eckard alleges his placement in the observation unit overnight by defendant Thomas, pursuant to the order of defendant Moll, without a hearing constituted punishment prior to an adjudication of guilt in violation of the Fourth and Fourteenth Amendment. Dkt. 1-1, at 4-5.

When a pretrial detainee challenges conditions of his confinement, "the proper inquiry is whether those conditions amount to punishment," because the Due Process Clause does not permit punishment "prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Not every inconvenience, restriction, disability or other unfavorable condition that occurs "during pretrial detention amounts to 'punishment' in the constitutional sense." *Bell*, 441 U.S. at 537, 99 S.Ct. 1861. To determine whether a condition imposed on a pretrial detainee amounts to such punishment, the court looks to whether the condition is "imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538, 99 S.Ct. 1861. Absent a showing of an " 'expressed intent to punish' " by the jailers, whether a

restriction amounts to punishment generally turns on whether there is an alternative purpose to which the condition rationally may be connected, and whether the restriction then appears excessive in relation to that purpose. *Id.* "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539, 99 S.Ct. 1861.

It is not necessary that the condition be limited to ensuring that the detainee shows up at trial, as it is recognized that the government has "legitimate interests that stem from its need to manage the facility in which the individual is detained." *Id.* at 540, 99 S.Ct. 1861. For example, jailers "must be able to take steps to maintain security and order" at the jail, so restraints that are reasonably related to these goals are not, without more, unconstitutional punishment. *Id.* Courts also must allow for the fact that considerations of jail security and order "'are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'" *Id.* at 540 n.23, 99 S.Ct. 1861 (quoting *Pell v. Procunier*, 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)); *accord Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 328, 132 S.Ct. 1510, 182 L.Ed.2d 566 (2012).

Here, Mr. Eckard's complaint acknowledges that defendants placed him in close observation after he pushed the emergency call button and subsequently refused to submit to restraints or comply with removal from his room. Dkt. 1-1, at 3. The fact that Mr. Eckard pushed the emergency call button can logically indicate only one of two things: (1) he was experiencing an emergency, or, (2) he was not experiencing an emergency and was pushing the emergency

REPORT AND RECOMMENDATION - 7

call button unnecessarily. In the first instance, defendants' actions as described in the complaint itself of placing Mr. Eckard in the observation unit for one night until he could be psychiatrically evaluated are reasonably related to a legitimate correctional goal of ensuring Mr. Eckard's safety. The fact that Mr. Eckard denies he was at risk of self-harm, and his conclusory allegation that defendants knew he was not at risk of self-harm, do not undermine the reasonableness of defendants' actions apparent from the complaint as a legitimate safety precaution in response to his activating the emergency call button.

If, on the other hand, Mr. Eckard was not experiencing an emergency and was pushing the emergency call button unnecessarily, defendants' actions as described in the complaint of placing Mr. Eckard in the observation unit for one night were reasonably related to the legitimate goal of maintaining overall orderly operation and security of the facility. *See, e.g., Stevenson v. Jones*, 254 F.Supp.3d 1080 (N.D. Cal., May 30, 2017) (placement of pretrial detainee in administrative segregation without a hearing for being disruptive in the general population did not violate due process where facts showed when instructed to prepare to be moved plaintiff refused to get dressed or cuff up, demanded to see a supervisor and banged on the door). Mr. Eckard fails to allege any facts to demonstrate defendants' actions were not reasonably related to the legitimate correctional goals which are apparent from the face of the complaint itself nor does it appear that, if given the opportunity, he would be able to do so.

Accordingly, the undersigned recommends that these claims be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

The undersigned recommends dismissal of Mr. Eckard's claims against defendants Moll and Kane with respect to the grievance process. Because this is the only claim alleged against

REPORT AND RECOMMENDATION - 8

defendant Kane in the complaint the Court recommends he be dismissed as a defendant in the action. The Court recommends that Mr. Eckard's due process claims against defendants Thomas and Moll related to his placement in the observation unit be dismissed for failure to state a claim upon which relief may be granted. The Court recommends the complaint be served on the remaining defendants, Patricia Thomas and Clinton Moll, and that they be directed to respond to Mr. Eckard's claims with respect to the release of oleoresin capsicum vapor and use of the restraint chair.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 1, 2019.** The Clerk should note the matter for **March 8, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **eight (8)** pages. The failure to timely object may affect the right to appeal. The Clerk is directed to send a copy of this Report and Recommendation to plaintiff.

DATED this 6th day of February, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge