UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ALLEN ECKARD,<br><br>      Plaintiff,<br><br>   v.<br><br>PATRICIA THOMAS, et al.,<br><br>      Defendants. | CASE NO. C19-104 RSM<br><br>ORDER DENYING MOTION TO ALTER (AMEND) JUDGMENT |

     This matter is before the Court on Plaintiff's Motion to Alter (Amend) Judgment. Dkt. #35. This Motion is noted for the Court's consideration on December 20, 2019, and Defendants' response is not yet due.[1] However, the Court finds it beneficial to clarify the status of the filings pending before the Court[2] so that the parties may properly address the issues remaining in this case. For that reason, the Court finds that resolution of the Motion is appropriate at this time.

---

[1] Defendants have filed a motion to strike Plaintiff's Motion and another of his filings. The Court addresses the motion to strike in a separate order considering Plaintiff's Request for Extension of Time. To the extent Defendants' motion to strike is applicable to this Motion, the Court adopts its relevant analysis.

[2] Additional motions are currently pending before the Court. Dkt. #37 (Plaintiff's Motion for Denial of Defendant's Summary Judgment Motion Under Rule 56(f) and/or Allow Time for Discovery); Dkt. #34 (Plaintiff's Request for Extension of Time); Dkt. #36 (Defendants' Motion to Strike Plaintiff's Briefs Pursuant to LCR 1(d)). The motions relate both to Plaintiff's Motion for Summary Judgment, which was denied, and the pending Report and Recommendation on

Plaintiff's Motion requests that the Court revisit its prior order adopting a Report and Recommendation (R&R) and denying Plaintiff's Motion for Summary Judgment (Dkt. #33). Dkt. #35. Plaintiff does not identify a legal basis for his Motion. The wording appears to track that of Federal Rule of Civil Procedure 59. FED. R. CIV. P. 59(e) (identifying subsection under heading "Motion to Alter or Amend a Judgment"). But the Court denied Plaintiff's motion for summary judgment and no judgment has been entered in this case.

Federal Rule of Civil Procedure 60 provides another possibility. Relevant here, that Rule allows the Court to grant relief from an order based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . .; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). But Plaintiff does not reference Rule 60. Nor does it appear that Plaintiff would qualify for relief under Rule 60 as his Motion is premised on his belief that his objections to the R&R were timely and that the Court erred by refusing to consider them. Dkt. #35. Plaintiff's confusion is perhaps understandable but does not provide a basis for relief.

United States Magistrate Judge Brian A. Tsuchida issued a R&R advising the Court to deny Plaintiff's motion for summary judgment on August 14, 2019. Dkt. #20. The R&R made objections due no later than August 28, 2019. *Id.* at 12. On Plaintiff's request, the Court extended the time for Plaintiff to file objections to October 17, 2019. Dkt. #24. On September 25, 2019, the Court received Plaintiff's Request for Replacement of Documents. Dkt. #26. Therein, Plaintiff requested a copy of the pending R&R but did not seek to alter the October 17, 2019

---

Defendants' Motion for Summary Judgment (Dkt. #32). The combined posture of the matters is difficult to decipher. Seeking to provide the parties clear guidance, the Court addresses the other motions by separate orders and only leaves the Report and Recommendation on Defendants' Motion for Summary Judgment (Dkt. #32) pending.

deadline for objections. *Id.* In fact, Plaintiff specifically indicated that "he *may have to* request another extension of time," clearly indicating that he was aware of the impending deadline. Dkt. #26 at 1 (emphasis added). Nevertheless, that deadline came and went without Plaintiff filing objections until October 25, 2019.

Plaintiff's Motion does not demonstrate mistake, excusable neglect, argue issues of law or fact, or establish any other reason that justifies relief. Rather, Plaintiff argues flatly that he should not be required to comply with the Court's rules and deadlines because he is in jail. Dkt. #35 at 1–2. But Plaintiff provides no basis for this argument. The Court is sympathetic to the difficulties Plaintiff faces. Indeed, the Court has regularly granted Plaintiff extensions. Dkts. #24 and #29. Plaintiff, aware of the impending deadline could have sought an extension if he needed additional time. Plaintiff did not, and the Court acted reasonably in exercising its discretion to not consider Plaintiff's untimely filing.

Lastly, Plaintiff's Motion would not fare any better if the Court construed it as a motion for reconsideration. "Motions for reconsideration are disfavored." LCR 7(h)(1). Consequently, the Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* For the same reasons identified above, Plaintiff's Motion does not warrant relief as a motion for reconsideration.

Accordingly, and having reviewed Plaintiff's motion and the remaining record, the Court finds and ORDERS that Plaintiff's Motion to Alter (Amend) Judgment (Dkt. #35) is DENIED.

//

//

//

//

ORDER – 3

The Clerk is directed to send a copy of this Order to Plaintiff at his last known address.

Dated this 13th day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE