UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ALLEN ECKARD,<br><br>    Plaintiff,<br><br>  v.<br><br>PATRICIA THOMAS, et al.,<br><br>    Defendants. | CASE NO. C19-104 RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter is before the Court on United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation ("R&R") for the Court to grant Defendants' motion for summary judgment. Dkt. #32. Plaintiff has filed objections, to which Defendants responded. Dkts. #41 and #42. Having reviewed the record de novo, the Court adopts the R&R.

Plaintiff, then held in a county jail, initiated this action based on interactions with jail staff that culminated in Defendants' use of oleoresin capsicum vapor and a restraint chair on Plaintiff. Dkt. #5. Plaintiff contended that these actions violated his Fourth and Fourteenth Amendment rights. *Id.* at ¶ 20. Judge Tsuchida's R&R thoroughly explained why those claims fail. Dkt. #32 at 11–16. Plaintiff objects and argues that the R&R is incorrect as to his chair restraint claims. Because Plaintiff's objections now only focus on his placement in a restraint chair, the Court primarily addresses that aspect of the R&R.

ORDER – 1

The R&R recounted Plaintiff's constitutional right, as a pretrial detainee, to be free from punishment. This looks to "whether there was an express intent to punish, or 'whether an alternative purpose which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purposes assigned [to it].'" Dkt. #32 at 5 (citing *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (citation omitted)) (alterations in R&R). At bottom, the consideration is whether Defendants' actions were objectively unreasonable. *Id.* (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L.Ed. 2d 416 (2015)).

The R&R recounts much of the evidence, including evidence demonstrating that Plaintiff was warned ahead of time that his continued pressing of the emergency call button in his cell was interfering with operation of the jail and needed to stop. Dkt. #32 at 7–8 (citing Dkt. #17). When Plaintiff continued to press the emergency button in his cell and interfere with jail operations, Defendants found it necessary to place him in a restraint chair. *Id.* at 8 (citing Dkt. #17). Because the restraint chair would make Plaintiff unable to push his emergency button in the event of a true emergency, Defendants determined that it was necessary to place Plaintiff in the observation unit of the jail. *Id.*

Judge Tsuchida's R&R then goes on to correctly consider the evidence in the light most favorable to Plaintiff and concluded that Defendants established that Plaintiff's actions were interfering with administration of the jail. Plaintiff's conclusory arguments to the contrary are purely speculative. Properly considering the evidence before the Court and applying the relevant law, the R&R concluded that Defendants' actions were objectively reasonable and did not amount to unconstitutional punishment. *Id.* at 15–16 (considering *Kingsley* factors).

Plaintiff's objections primarily rehash his speculative factual arguments that were appropriately rejected in the R&R. For instance, Plaintiff claims that Judge Tsuchida had no

ORDER – 2

basis to conclude that pressing the emergency call button would interfere with jail administration. Dkt. #41 at 1–3. Similarly, Plaintiff argues that other more reasonable options were available to Defendants in addressing his conduct. *Id.* at 3–4. Plaintiff maintains that the R&R failed to consider this "evidence" and simply ignored his testimony because he is a prisoner. *Id.* at 3–5. But the Court's de novo review makes clear that Plaintiff's "evidence" is overly speculative as he does not establish any basis for his knowledge of jail operations. Conversely, Defendants have presented declarations detailing the events and their actions. Dkts. #16 and #17. Plaintiff may not rely on his own speculation. *See Nelson v. Pima Cmty. Coll.,* 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Lastly, Plaintiff again complains that he should be allowed additional time to conduct discovery. Dkt. #41 at 5. But the R&R fully considered this issue. Most importantly, Judge Tsuchida noted that the discovery deadline had long since passed and that Plaintiff had not identified any potential evidence likely to alter the Court's consideration. Dkt. #32 at 10. Similarly, Defendants' response to Plaintiff's objections affirms that "[t]he discovery cutoff passed without any discovery requests from Plaintiff and, to this date, Defendants have never received discovery requests of any kind from Plaintiff in this matter." Dkt. #43 at ¶ 2. The Court finds it appropriate to deny Plaintiff's request, as recommended by the R&R.

Accordingly, and having reviewed Defendants' Motion for Summary Judgment, the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida, the objections and responses thereto, and the remaining record, the Court FINDS and ORDERS:

1. The Report and Recommendation (Dkt. #32) is ADOPTED.
2. Defendants' Motion for Summary Judgment (Dkt. #22) is GRANTED and the complaint is dismissed with prejudice.

ORDER – 3

3. This matter is CLOSED.

4. The Clerk of Court is directed to send copies of this Order to Plaintiff at his last known address and to Judge Tsuchida.

Dated this 9 day of March, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4